**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 111880

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Andrew Bruno, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Phillips & Cohen Associates, Ltd.,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Andrew Bruno, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Phillips & Cohen Associates, Ltd. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Andrew Bruno is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Phillips & Cohen Associates, Ltd., is a New Jersey Corporation with a principal place of business in Burlington County, New Jersey.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the debt").

11. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the letter") dated May 25, 2016. (**Exhibit 1.**)

15. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

17. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

18. 15 U.S.C. § 1692e(5) prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

19. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to attempt to collect any debt.

20. The letter offers Plaintiff a settlement of $292.91 on his debt of $732.27.

21. The settlement offered to Plaintiff would result in a debt discharge forgiveness of $439.36.

22. The letter sets forth certain information concerning IRS reporting requirements for debt forgiveness.

23. The least sophisticated consumer would reasonably believe that Defendant included the IRS reporting requirements because it was relevant.

24. The least sophisticated consumer would reasonably believe that Defendant included the IRS reporting requirements because the consumer's acceptance of the settlement offer would have tax consequences.

25. 26 U.S.C. § 6050P requires any applicable entity discharging (in whole or part) any person's debt to make a Form 1099-C return setting forth certain information about the individual and the discharge, unless the discharge is for less than $600.00.

26. Debt discharge forgiveness may not be reported as income when an exception applies.

27. The settlement offered to Plaintiff could not possibly have been reportable.

28. The settlement offered to Plaintiff could not possibly have been reportable because it would result in debt forgiveness of less than $600.00.

29. The settlement offered to Plaintiff could not possibly have been reportable under the relevant exceptions.

30. Defendant's inclusion of the IRS reporting requirements implies that the settlement may have tax consequences.

31. Defendant's implication that the settlement may have tax consequences is false.

32. Defendant's implication that the settlement may have tax consequences is a threat to take action that cannot legally.

33. Defendant's implication that the settlement may have tax consequences is a threat that is not intended to be taken by Defendant.

34. Defendant's implication that the settlement may have tax consequences is misleading because it states that a certain action is possible even though Defendant has reason to know that the action will not happen.

35. Defendant's implication that the settlement may have tax consequences is misleading because it states that a certain action is possible even though Defendant has reason to know that there are facts that make the action unlikely.

36. Defendant's implication that the settlement may have tax consequences would

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

likely lead the least sophisticated consumer to be misled into thinking that there will be adverse tax consequences for accepting Defendant's settlement offer.

37. Defendant's implication that the settlement may have tax consequences would likely be interpreted by the least sophisticated consumer to be a threat that any settlement will be reported to the IRS.

38. Defendant's implication that the settlement may have tax consequences when viewed from the least sophisticated consumer's perspective would affect the consumer's decision concerning whether or not to accept Defendant's settlement offer.

39. Defendant's implication that the settlement may have tax consequences when viewed from the least sophisticated consumer's perspective would lead the consumer to believe the consumer could get in trouble with the IRS for refusal to pay the debt.

40. Defendant's implication that the settlement may have tax consequences when viewed from the least sophisticated consumer's perspective would lead the consumer to believe the consumer could get in trouble with the IRS for obtaining any debt forgiveness.

41. For the foregoing reasons, letter violates 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10).

## CLASS ALLEGATIONS

42. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a letter including reference to 1099-C IRS reporting requirements where the settlement offered would result in debt forgiveness of less than $600.00.

43. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

44. Defendant regularly engages in debt collection, using the same unlawful letter described herein, in its attempts to collect delinquent consumer debts from other persons.

45. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using the same unlawful letter described herein.

46. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

47. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

48. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff HAS retained counsel experienced in actions brought under the FDCPA.

## JURY DEMAND

49. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representatives of the Class, and her attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

   g. Such other relief that the Court determines is just and proper.

DATED: March 9, 2017

               **BARSHAY SANDERS, PLLC**

               By: _/s/ *Craig B. Sanders* _____
               Craig B. Sanders, Esq.
               100 Garden City Plaza, Suite 500
               Garden City, New York 11530
               Tel: (516) 203-7600
               Fax: (516) 706-5055
               csanders@barshaysanders.com
               *Attorneys for Plaintiff*
               Our File No.: 111880